IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES MURRAY, a/k/a JAMES HINES, | : | |
| Petitioner | : | CIVIL NO. 3:CV-12-771 |
| v. | : | (Judge Conaboy) |
| FEDERAL BUREAU OF PRISONS, ET AL., | : | |
| Respondents | : | |

FILED SCRANTON

MAY 17 2012

PER _____ CTS
DEPUTY CLERK

## MEMORANDUM
### Background

James Murray, a/k/a James Hines, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition is accompanied by a request for leave to proceed in forma pauperis. See Doc. 2. Named as Respondents are the Federal Bureau of Prisons (BOP) and its National Inmate Appeals Administrator Harrell Watts. For the reasons outlined below, Petitioner will be granted leave to proceed in forma pauperis for the sole purpose of the filing of this matter, however, his petition will be denied without prejudice to any right Murray may have to reassert his present claims in a properly filed civil rights complaint.

Petitioner describes himself as being a "bonafide jailhouse lawyer." Doc. 1, p. 3. His pending action does not challenge the legality of his criminal conviction, the resulting sentence or the execution of his sentence. Rather, Murray seeks federal habeas corpus relief on the basis that he is being denied access to the courts. Petitioner indicates that he is presently pursuing a <u>pro se</u> federal habeas corpus action in the United States District Court for the District of Massachusetts. <u>See</u> <u>id</u>. at p. 4. Murray assets that he is unable to adequately prosecute that action because the USP-Lewisburg law library lacks state law material which he requires. <u>See</u> <u>id</u>. at p. 7. As relief, Petitioner requests that Respondents be required to provide him with "access to state law and state law material." <u>Id</u>. at p. 9.

### Discussion

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977). <u>See</u> <u>Patton v. Fenton</u>, 491 F. Supp. 156, 158-159 (M.D. Pa. 1979). The Rules Governing Section 2254 Cases in the United States District Courts are applicable to § 2241 petitions under Rule 1(b) of the Section 2254 Rules.); <u>Mutope v. Pennsylvania Board of Probation and Parole</u>, Civil No. 3:CV-07-472, 2007 WL 846559, at *2 (M.D. Pa. Mar. 19, 2007)(Kosik, J.).

Rule 4 states in relevant part that "[i]f it plainly appears

2

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ." Gorko v. Holt, 2005 WL 1138479 *1(M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134,141 (6th Cir. 1970).

Habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). Review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), it was reiterated that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable." Recognizing the observation in Woodall that the precise meaning of execution of sentence is hazy, it has been similarly held that to "the extent that a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights action." Hairston v. Grondolsky, 2008 WL 618805, *2 (D.N.J. March 3, 2008).

From a careful review of the petition, it is clear that

3

Murray does not claim entitlement to speedier or immediate release from custody nor does he challenge the legality of his present incarceration. He is simply not raising a claim related to the execution of his sentence as contemplated in Woodall. Rather, based on the grounds asserted in his petition, Petitioner challenges only his alleged denial of access to state law materials by USP-Lewisburg officials.

Murray clearly acknowledges that the alleged deprivation of his right to access to the courts attributed to federal prison officials did not include a loss of good time credits or otherwise extend the length of his confinement. Thus, the purported constitutional misconduct did not adversely affect the fact or duration of Murray's incarceration. See Wapnick v. True, Civil No. 4:CV-97-1829, slip op. (M.D. Pa. Dec. 17, 1997)(McClure, J.). Accordingly, "habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Consequently, the petition will be denied as meritless without prejudice to any right Murray may have to reassert his present claims in a properly filed civil rights complaint.[1] See David v. United States, Civ. A. No. 3:CV-99-0836, slip op. at 5 (June 17, 1999 M.D. Pa.) (Munley, J.); Wool v. York County Prison, Civ. A. No. 4:CV-98-0138, slip op. at 2-3 (M.D. Pa. January 30,

---

[1] In this regard, this Court expresses no opinion as to the merits, if any, of any civil rights claim Murray may file based upon the facts asserted herein.

4

1998) (McClure, J.); and <u>Hewlett v. Holland</u>, Civ. A. No. 3:CV-96-1075, slip op. at 9 (July 2, 1997 M.D. Pa.) (Nealon, J.) ("Because the petitioner will not be allowed to elude the filing fee requirements of the PLRA [Prison Litigation Reform Act], his claims will be dismissed, without prejudice, as they are not <u>habeas corpus</u> claims, but rather claims relating to the conditions of his confinement that should more appropriately be brought under the Civil Rights Acts.").

Finally, in light of the court's determination herein, Petitioner's motions seeking: appointment of counsel (Doc. 4); a Brandeis hearing (Doc. 7); class certification (Doc. 8); judicial screening (Doc. 13); to substitute a party (Doc. 16); and preliminary injunctive relief (Doc. 18) will be dismissed without prejudice on the basis of mootness. An appropriate Order will enter.

*signature*
RICHARD P. CONABOY
United States District Judge

DATED: MAY 17, 2012